Putnam J.
delivered the opinion of the Court. By the statute of 1798, c. 77, this Court is at its discretion to award *457 costs to either party, as equity may require. The allowance or refusal must therefore depend upon- the circumstances of each case. •
We adopt the general rule, that the prevailing party is to have costs, as applicable to suits in equity as well as at law. It will be applied unless the losing party can show that equity requires a different judgment. If it should appear that the plaintiff had good reason to think the respondent was liable upon equitable principles to pay money, to perform specific contracts, or to make discovery, and it should, upon hearing of the answer, appear that no such cause existed, as the plaintiff had reason to suppose did exist, the Court would not award costs against him, if it appeared that the respondent was in such a situation as to render it probable that he was amenable to the call of the plaintiff upon equitable principles. On the other hand, if it should appear that the plaintiff knew the whole ground and made a claim in equity which was successfully resisted by the respondent, it would seem that costs should be allowed as well in equity as at law. The mere change of the forum, should not in reason make any difference in the question of costs. If it should appear that both parties were in fault, as in Saunders v. Frost, 5 Pick. 274, the Court would not give costs to either. We are aware of the impossibility to state any general rule which should govern the opinion of the Court. It is an important and troublesome duty, to ascertain what sound discretion requires to be done, under the facts proved, in each case.
We proceed to examine the claims of the parties as to costs in the case at bar.
The respondents have prevailed. They are entitled to costs, unless the plaintiffs can satisfy the Court, that under the circumstances proved the Court should, upon equitable principles, otherwise adjudge. But upon reexamination of the papers in the case, w'e think the decision should be in favor of the respondents, even if they had the burden of proof upon themselves.
The original agreement or association in March 1825, bound the subscribers to contribute $25, and a subsequent one contained an engagement for the payment of $ 15 more *458 on a share. But it was expressly agreed in the subscription paper, dated July 4, 1825, that no subscriber should be liable to pay any assessments provided he chose to abandon his share or shares to the company, and that a refusal to pay any assessments which might be thought by a majority of the com-, pany or proprietors to be necessary, should operate as a forfeiture of his or their shares. The associates were to pay $40, viz. 25 on the first subscription paper and 15 on the other, and such assessments as should thereafter be made, if they pleased; but were at liberty to abandon the enterprise at any time thereafter, upon forfeiting the money they had already paid, for the use of the company.
Now it is difficult to imagine a contract to be more cautiously framed, to prevent a general partnership in the enterprise, 'than this was.
The other subscription papers stated the number of shares and the amount for which the subscribers severally became responsible.
All these facts were known to the plaintiffs, and yet they have endeavoured to implicate and charge the subscribers, who refused to pay, and who abandoned by their refusal, as if they had undertaken to pay their proportion of all the expenditures and great losses which those who chose to proceed in the enterprise, have made and sustained. We sincerely regret that these losses have happened, for the undertaking appears to have been one in which the interest and convenience of the public entered largely into the motives of the subscribers. But we are to settle the question between the parties before us according to equity. And we see no reason why those who chose to abandon the concern, might not do it with perfect good faith ; and as they have prevailed under such circumstances, we are clearly of opinion that they are entitled to costs.
Considering it a case for costs, a more important question arises, how they shall be taxed. Cases in chancery are so various, and the claims on the discretion of the Court depend upon circumstances so numerous and so widely different, that it is difficult to lay down any rule, in any considerable degree general in its application.
*459 It may be taken as a presumption applicable in many, perhaps in most cases, that the substantial grounds of defence in a suit in equity, are the same, so that in effect it involves one controversy between the parties. It would follow from this view, and from analogy to the practice at law, that in general, one bill of costs only will be allowed, reserving to the Court the power of making such further allowance as the circumstances of the case may require, where there has necessarily been unusual expense incurred, or where there is such real diversity of interests among the respondents, or such distinct and independent grounds of defence, as render the defences substantially as well as formally distinct, and make it proper to apply to distinct agents, solicitors and counsel.
In the case at bar, where the respondents are very numerous, and resided at some distance from each other, where some have joined and some have severed in their answers, where however the great subject of controversy is the same, viz. whether there was a partnership or joint liability, the Court are of opinion, that they cannot better reach the justice of the case and give a reasonable indemnity in costs, than by considering, that in addition to one regular bill of costs to be taxed as at law, there shall be taxed for each separate answer three dollars ; considering the answers to the original and to the amended bills, as separate answers.[1]

 By Rev. Stat. c. 121, § 20, in all suits in equity and in all civil suits, in which no provision is expressly made by law, the subject of costs is wholly in the discretion of the Court; but no greater sum is to be taxed, than is allowed for similar charges in suits at law. See St. 1841, c. 129; Wright v Dame, 1 Metc. 237; Bryant v. Russell, 23 Pick. 508; Sawyer v. Baldwin, 20 Pick. 378; Pratt v. Bacon, post, 495.